**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DEANGELO WRIGHT, | :: | HABEAS CORPUS |
| Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
| v. | :: | |
| | :: | |
| STEVE PERKINS, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:13-CV-3599-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties, or if a party is not represented, then directly upon said party.

Each party may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order.  28 U.S.C. § 636(b)(1).  Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be

limited to a plain error review.  <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 3rd day of March, 2014.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DEANGELO WRIGHT, | :: | HABEAS CORPUS |
|     Petitioner, | :: | 28 U.S.C. § 2254 |
| | :: | |
|     v. | :: | |
| | :: | |
| STEVE PERKINS, | :: | CIVIL ACTION NO. |
|     Respondent. | :: | 1:13-CV-3599-TWT-RGV |

**FINAL REPORT AND RECOMMENDATION**

Petitioner DeAngelo Wright, an inmate at the Atlanta Transitional Center in Atlanta, Georgia, has filed this 28 U.S.C. § 2254 petition to challenge his September 20, 2011, theft by taking conviction in the Superior Court of Cobb County. The matter is now before the Court on the petition, [Doc. 1], and respondent's answer-response, [Doc. 6]. For the reasons stated herein, the undersigned **RECOMMENDS** that the petition be **DENIED**.

## I. PROCEDURAL HISTORY

A Cobb County jury convicted petitioner of theft by taking. [Doc. 7-2 at 50]. The court then sentenced him to ten years of imprisonment. [Id. at 48]. Petitioner filed a pro se direct appeal, raising several enumerations of error, including that the evidence was insufficient to support his conviction. [Docs. 7-7, 7-8]. On January 18, 2013, the Georgia Court of Appeals affirmed the trial court's judgment. [Doc. 7-10].

Petitioner executed this § 2254 petition on October 17, 2013, asserting only that the evidence was insufficient to support his conviction.  [Doc. 1 at 6-7].  Respondent maintains that the Georgia Court of Appeals' rejection of petitioner's challenge to the sufficiency of the evidence is entitled to deference.  [Doc. 6-1 at 2-7].

## II.  DISCUSSION

**A.**    **28 U.S.C. § 2254 Standards**

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law.  28 U.S.C. § 2254(a).  In general, a state prisoner who seeks federal habeas corpus relief may not obtain that relief unless he first exhausts his available remedies in state court or shows that a state remedial process is unavailable or ineffective.  Id. § 2254(b)(1).  A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Id. § 2254(d); Van Poyck v. Fla. Dep't of Corrs., 290 F.3d 1318,

2

1322 n.4 (11th Cir. 2002) (per curiam) ("[I]n the context of a habeas review of a state court's decision–only Supreme Court precedent can clearly establish the law.").

When applying § 2254(d), the federal court evaluating a habeas petition must first determine the applicable "'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v. Taylor, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)). Next, the federal habeas court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or whether the state court reached a result different from the Supreme Court on a set of materially indistinguishable facts. Id. at 412-13. In other words, a state court decision is "contrary to" clearly established federal law only when it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id. at 405; see also Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (holding that a state court decision is not contrary to federal law simply because it does not cite Supreme Court authority; the relevant inquiry is whether the reasoning or the result of the state decision contradicts that authority).

If the federal habeas court determines that the state court decision is not contrary to clearly established federal law, it must then determine whether the state court

3

decision was an "unreasonable application" of clearly established federal law by determining whether the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case. <u>Williams</u>, 529 U.S. at 413. "For purposes of § 2254(d)(1), 'an <u>unreasonable</u> application of federal law is different from an <u>incorrect</u> application of federal law.'" <u>Harrington v. Richter</u>, 131 S. Ct. 770, 785 (2011) (quoting <u>Williams</u>, 529 U.S. at 410) (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly [but r]ather, that application must also be unreasonable." <u>Williams</u>, 529 U.S. at 411. Thus,

> [a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

<u>Harrington</u>, 131 S. Ct. at 786-87; <u>see</u> <u>also</u> <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) ("Where [in a federal habeas corpus petition] the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but [also] objectively unreasonable."). Additionally, the state court's determinations of

4

factual issues are presumed correct.   28 U.S.C. § 2254(e)(1).   A petitioner can overcome this presumption only by presenting "clear and convincing evidence" that the state court's findings of fact were erroneous.   Id.

The undersigned has reviewed the pleadings and exhibits and finds that the record contains sufficient facts upon which the issues may be resolved.   As petitioner has not made the showing required by 28 U.S.C. § 2254(e)(2) to entitle him to an evidentiary hearing, the undersigned finds that no federal evidentiary hearing is warranted, and the case is now ready for disposition.

**B.   Ground One: Sufficiency of the Evidence**

When reviewing a challenge to the sufficiency of the evidence, a court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).   "When the record reflects facts that support conflicting inferences, there is a presumption that the jury resolved those conflicts in favor of the prosecution and against the defendant."   Johnson v. Alabama, 256 F.3d 1156, 1172 (11th Cir. 2001).   "In other words, federal courts must defer to the judgment of the jury

5

in assigning credibility to the witnesses and in weighing the evidence." Id.  Georgia

law provides that:

> A person commits the offense of theft by taking when he unlawfully takes
> or, being in lawful possession thereof, unlawfully appropriates any
> property of another with the intention of depriving him of the property,
> regardless of the manner in which the property is taken or appropriated.

OCGA § 16-8-2.

The Georgia Court of Appeals summarized the evidence introduced at trial,

which it viewed in favor of the verdict, as follows:

> . . . [O]n August 6, 2010, [petitioner] provided Nalley Infinity car
> dealership with a false social security number, false college transcript,
> and other false documents in support of a credit application to obtain
> financing for a vehicle valued at $57,321.  Although [petitioner] was
> allowed to drive the vehicle off the dealership lot pending credit approval,
> he later failed to return the vehicle when it was clear that he was not
> going to receive financing.  Moreover, [petitioner] provided additional
> false documents in order to avoid payment for the vehicle.  Eventually,
> the vehicle was recovered in June 2011 with substantial damage.

[Doc. 7-10 at 1-2].  These findings are supported by the record.  [Doc. 7-5 at 23-48,

53-55, 58-64, 72-74, 78-84, 86-92].

In rejecting petitioner's argument that this evidence was insufficient to support

his conviction "because he provided documentation in order to obtain a loan from

Nalley, which loan he would have repaid had it been approved, and Nalley freely

6

provided him with the vehicle in exchange for the signed contract and loan documents," the appellate court noted that:

> Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the [S]tate's case, this Court will uphold the jury's verdict.

[Id. at 2] (citation in footnote omitted). The court then found, after citing § 16-8-2, that:

> Although [petitioner] contends that he did not commit theft by taking because Nalley consented to his possession of the automobile at the time he left the dealership,[1] the jury did not believe the testimony of [petitioner] and instead believed the State's version of the evidence that [petitioner] intentionally provided false information to Nalley in order to obtain possession of the vehicle and thereafter retained the vehicle when the financing did not materialize.

[Id. at 3].

Petitioner presents no argument to meet his burden to show either that the Georgia Court of Appeal's decision was based on an unreasonable determination of the facts or that its rejection of this ground was contrary to, or involved an unreasonable application of, the clearly established federal law set forth in Jackson. See Argo v. Sec'y, Dep't of Corr., 465 F. App'x 871, 874-75 (11th Cir. 2012) (per

---

[1] This is the argument that petitioner raises in his § 2254 petition. [Doc. 1 at 5].

7

curiam) ("We presume the state court's determination of the facts is correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence.") (citing 28 U.S.C. § 2254(e)(1)); Pair v. Cummins, 373 F. App'x 979, 981 (11th Cir. 2010) (per curiam) ("[T]he habeas petitioner bears the burden 'to show that the state court applied [the applicable clearly established federal law] to the facts of the case in an objectively unreasonable manner.'").   The Georgia Court of Appeal's opinion was not contrary to the clearly established federal law set forth in Jackson, as a rational trier of fact could have found that the evidence set forth therein was sufficient to show that petitioner committed theft by taking when he provided false information to the car dealership in order to obtain a vehicle and then failed to return the vehicle when he did not get financing.  See OCGA § 16-8-2.  The undersigned therefore finds that the state court's rejection of petitioner's challenge to the sufficiency of the evidence is entitled to deference pursuant to § 2254(d).  See Harrington, 131 S. Ct. at 785; Williams, 529 U.S. at 404-05, 412-13.

## III.  CERTIFICATE OF APPEALABILITY

Under Rule 22(b)(1) of the Federal Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Rule 11 of the Rules

8

Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations marks omitted) (citing Slack, 529 U.S. at 484). Based on the foregoing discussion of petitioner's sole ground for relief, the resolution

9

of the issue presented is not debatable by jurists of reason, and the undersigned

recommends that petitioner be denied a COA.

## IV.  CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that this 28 U.S.C.

§ 2254 petition, [Doc. 1], and a COA be **DENIED**, and that this action be

**DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 3rd day of March, 2014.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

10